# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    v.<br><br>WILLIAM WESLEY HINES,<br><br>                  Defendant. | Case No. 3:15-cr-00103-SLG |

## ORDER REGARDING MOTION FOR COMPASSIONATE RELEASE

Before the Court at Docket 174 is defendant William Wesley Hines' Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A). The government filed a response in opposition at Docket 177. The U.S. Probation Office for the District of Alaska filed a sealed Compassionate Release Investigation Report at Docket 176.

On August 2, 2016, this Court sentenced Mr. Hines to 51 months of incarceration after he pleaded guilty to one count of Conspiracy to Defraud the Government with Respect to Claims.[1] Mr. Hines is currently in Bureau of Prisons (BOP) custody and incarcerated at Victorville Medium II FCI in California; his projected release date is February 23, 2023.[2] In light of the COVID-19 pandemic,

---

[1] Docket 108.

[2] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed Nov. 13, 2020).

Mr. Hines seeks an order reducing his sentence to time served and possibly placing him on home detention.[3] The government responds that the motion should be denied because Mr. Hines "has not met his burden of establishing that a sentence reduction is warranted" and because Mr. Hines would pose a danger to the community were he to be released from custody.[4]

## I. Applicable law

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[5] If the defendant has exhausted his administrative rights, a district court must consider the motion on the merits. On the merits, a court must find that "extraordinary and compelling reasons warrant" a sentence reduction, that the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[6]

## II. Exhaustion of administrative rights

An inmate has exhausted his administrative rights if the warden of an inmate's facility has denied a request for compassionate release or if 30 days have

---

[3] Docket 174 at 3, 4.

[4] Docket 177 at 2.

[5] First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 Stat 5194. Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

[6] 18 U.S.C. § 3582(c).

Case No. 3:15-cr-00103-SLG, *United States v. Hines*
Order Re Motion for Compassionate Release
Page 2 of 8
Case 3:15-cr-00103-SLG   Document 179   Filed 11/23/20   Page 2 of 8

lapsed from the receipt of a request by an inmate for compassionate release by the warden of the inmate's facility.[7]  In July 2020, Mr. Hines was housed at SeaTac FDC.  While there, Mr. Hines made a vague request for compassionate release to someone (not the warden) at SeaTac by writing an e-mail that read "I would like to be considered for compassionate release . . . I have medical conditions which should apply to my early release" and requested forms needed to apply for compassionate release.[8]  It is unclear whether the warden made a formal response to Mr. Hines' request.  However, the Court will construe the e-mail as a request for compassionate release.[9]  Because more than 30 days have passed since Mr. Hines' request, it appears he has exhausted his administrative rights.  The government defers to the Court as to whether Mr. Hines has exhausted his administrative rights.[10]  The Court will consider the motion on its merits.

### III. Extraordinary and compelling reasons

Mr. Hines, who is currently 59 years old, submits that his "hypertension, hyperlipidemia, and ongoing intestinal issues" constitute extraordinary and

---

[7] 18 U.S.C. § 3582(c)(1)(A).

[8] Docket 175 at 7 (under seal).

[9] The Court will not require Mr. Hines to make a separate request to the warden of Victorville Medium FCI.  As noted by the District Court for the Western District of Pennsylvania, "Mr. Davidson's transfer (from a BOP facility to another BOP facility) did not change the fact that the BOP was aware of his administrative request for release, nor did his transfer impede the BOP's ability to resolve his request at the administrative level."  *United States v. Davidson*, Case No. 2:16-cr-00139-2, 2020 WL 4877255, at *6 (Aug. 20, 2020).

[10] Docket 177 at 2.

Case No. 3:15-cr-00103-SLG, *United States v. Hines*
Order Re Motion for Compassionate Release
Page 3 of 8
Case 3:15-cr-00103-SLG   Document 179   Filed 11/23/20   Page 3 of 8

compelling reasons warranting compassionate release.[11] Mr. Hines maintains that he is "more likely to contract COVID-19 as long as he remains in BOP custody" and is "more likely to develop severe complications or even death from COVID-19 if he is exposed" to the virus.[12] The government maintains that the BOP "is able to provide Hines with the care that has so far kept pre-existing medical conditions in check. There is no indication of what kind of better medical care Hines would have if he were released."[13]

Mr. Hines' medical records confirm that he has been diagnosed with hyperlipidemia (a high concentration of fats in the blood) and hypertension (high blood pressure).[14] The medical records do not confirm that Mr. Hines has "ongoing intestinal issues."[15] The Centers for Disease Control and Prevention indicate that people with hypertension "might be at an increased risk for severe illness" from COVID-19."[16] However, nothing in Mr. Hines' medical records indicates that his conditions are not being controlled with medication or that the BOP is providing

---

[11] Docket 174 at 2.

[12] Docket 174 at 29.

[13] Docket 177 at 16.

[14] Docket 175 at 2 (under seal).

[15] There is one note in the medical records that states that Mr. Hines was being screened for a malignant colon growth. Docket 175 at 2.

[16] CDC, *People with Certain Medical Conditions*, available at www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Nov. 5, 2020).

Case No. 3:15-cr-00103-SLG, *United States v. Hines*
Order Re Motion for Compassionate Release
Page 4 of 8
Case 3:15-cr-00103-SLG   Document 179   Filed 11/23/20   Page 4 of 8

inappropriate and inadequate medical care.[17] Mr. Hines contends that "due to the lifestyle choices he regrets having made in the past, his body, particularly the heart, brain and central nervous system, has aged more than the average 59-year old body."[18] Mr. Hines has provided no medical records supporting this contention, and the Court is not persuaded by it. The Court finds that Mr. Hines' medical conditions do not constitute an "extraordinary and compelling" reason that would justify a reduction in sentence at this time.

Moreover, as of the date of this order, the BOP reports that there are three confirmed cases of COVID-19 among inmates at Victorville Medium II FCI and three cases among staff.[19] The generalized risk of COVID-19 to inmates in a correctional institution does not independently justify compassionate release.[20]

## IV. Section 3553(a) factors

In considering a motion for compassionate release, the § 3553(a) factors are a lens through which the Court views the continued validity of the imposed

---

[17] Docket 175 at 2.

[18] Docket 174 at 28.

[19] Fed. Bureau of Prisons, COVID-19: Coronavirus (available at www.bop.gov/coronavirus/) (last accessed Nov. 13, 2020).

[20] *United States v. Fuller*, No. CR17-0324JLR, 2020 WL 2557337, at *6 (W.D. Wash. May 20, 2020) (finding that vague claims that conditions of confinement are "ripe" for COVID-19 infections and generalized concerns about the COVID-19 pandemic are not sufficient to establish the extraordinary and compelling reasons necessary to justify compassionate release); *cf. United States v. Boatwright*, No. 219CR00301GMNDJA, 2020 WL 1639855, at *5 (D. Nev. Apr. 2, 2020) ("The Court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents, particularly within the jail and prison setting. However, in that context, a defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation.").

Case No. 3:15-cr-00103-SLG, *United States v. Hines*
Order Re Motion for Compassionate Release
Page 5 of 8
Case 3:15-cr-00103-SLG   Document 179   Filed 11/23/20   Page 5 of 8

sentence in light of the COVID-19 pandemic.[21] Mr. Hines acknowledges that "the circumstances of the present offense qualified Mr. Hines for the serious sentence this Court originally imposed." However, he asserts that "the sentencing purpose of just punishment does not warrant a sentence that includes exposure to a life-threatening illness" and that the COVID-19 pandemic is an "overriding factor under § 3553(a) that was not present at the time of sentencing."[22]

The Court finds that the applicable § 3553(a) factors do not support a reduction in sentence in this case. Mr. Hines' crime of conviction involved him participating in a conspiracy where he and others filed hundreds of false tax returns using jail and prison inmates' personal information with the intention of receiving over $400,000 in tax refunds over the course of several years.[23] This conduct is exacerbated by his prior criminal history, which includes convictions for sexual assault, kidnapping, and burglary.[24]

The Probation Officer who completed the Compassionate Release Investigation in this case recommended denying Mr. Hines' request for a reduction

---

[21] In *Pepper v. United States*, 562 U.S. 476, 490–93 (2011), the Supreme Court held that when resentencing a defendant whose sentence has been set aside on appeal, "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range."

[22] Docket 174 at 31. Mr. Hines cites to the Eighth Amendment's prohibition on cruel and unusual punishment but does not develop a constitutional argument. Docket 174 at 31.

[23] Docket 96 at 1, 7 (under seal).

[24] Docket 96 at 23–27 (under seal)

Case No. 3:15-cr-00103-SLG, *United States v. Hines*
Order Re Motion for Compassionate Release
Page 6 of 8
Case 3:15-cr-00103-SLG   Document 179   Filed 11/23/20   Page 6 of 8

in sentence because a reduction of approximately 27 months of a 51-month sentence "would not satisfy the sentencing goals in this case."[25] The Court agrees with the Probation Office's conclusion in this case. Mr. Hines asserts that he must be released from custody in order "to realize the purposes of his sentence as set forth in 18 U.S.C. § 3553(a), most notably, to obtain drug/correctional treatment as well as needed educational or vocational training[.]"[26] Mr. Hines, who does not appear to have received any drug treatment while in custody, fails to explain how he would obtain drug treatment in Soldotna, Alaska (where he seeks to live) during the COVID-19 pandemic should he be released. Mr. Hines also fails to explain how reducing his sentence would realize other purposes of sentencing, such as promoting respect for the law, providing just punishment, affording adequate deterrence, and protecting the public.[27]

The Court further finds that reduction of the sentence by more than half would not reflect the seriousness of the offense and the history and characteristics of Mr. Hines; would not promote respect for the law; would not afford adequate deterrence; would not protect the public; and would not provide just punishment.[28]

---

[25] Docket 176 at 3 (under seal).

[26] Docket 174 at 6. *See also* Docket 174 at 32 ("He welcomes the opportunity to participate in substance abuse programming, which, unfortunately, will likely not occur until his release from BOP custody.").

[27] 18 U.S.C. § 3553(a)(2).

[28] 18 U.S.C. § 3553(a)(2).

Case No. 3:15-cr-00103-SLG, *United States v. Hines*
Order Re Motion for Compassionate Release
Page 7 of 8
Case 3:15-cr-00103-SLG   Document 179   Filed 11/23/20   Page 7 of 8

## CONCLUSION

In light of the foregoing, the motion at Docket 174 is DENIED.

DATED this 23rd day of November, 2020, at Anchorage, Alaska.

                                                  */s/ Sharon L. Gleason*
                                                  UNITED STATES DISTRICT JUDGE

Case No. 3:15-cr-00103-SLG, *United States v. Hines*
Order Re Motion for Compassionate Release
Page 8 of 8
Case 3:15-cr-00103-SLG   Document 179   Filed 11/23/20   Page 8 of 8